IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------X
ANDREA BROOKER and JERMAL D.         :
BROOKER,                             :
                                     :
              Plaintiffs,            :
                                     :   Civil Action No. 02-CV-2651
v.                                   :
                                     :
TEXTRON, INC. and TEXTRON, INC.      :
a/k/a d/b/a TEXTRON LYCOMING and     :
TEXTRON LYCOMING and AVCO            :
CORPORATION,                         :
                                     :
              Defendants.            :
-------------------------------------------------X
```

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants Textron Inc., Textron Lycoming and Avco Corporation (collectively, "Defendants"), by and through their attorneys, hereby respond to Plaintiffs' Complaint as follows:[1]

## COUNT ONE

1. Defendants admit that Plaintiff Andrea Brooker is a black adult. Defendants neither admit nor deny the remaining allegations contained in Paragraph 1 of the Complaint for the reason that they lack knowledge or information sufficient to form an opinion as to the truth of said allegations.

2. Defendants admit that Defendant Textron Lycoming's principal place of business is 652 Oliver Street, Williamsport, Pennsylvania and that Textron Lycoming conducts business

---

[1] The Defendants have elected to answer Plaintiffs' allegations jointly in the interests of efficiency and because they share common counsel. The filing of this Joint Answer and Affirmative Defenses does not mean, and should not be construed to mean, that the Defendants are a single, integrated business entity or that they share any liability that one of them theoretically may have toward Plaintiffs.

in Williamsport; that Defendant Avco Corporation's principal place of business is 40 Westminster Street, Providence Rhode Island; and that Defendant Textron Inc. has a registered agent in Philadelphia, Pennsylvania and is registered to do business in Pennsylvania. Defendants also admit that they conduct business in the State of Pennsylvania. Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendants neither admit nor deny the allegations contained in paragraph 3 of the Complaint for the reason that said allegations state the legal conclusion of Plaintiffs and as such, require no answer.

4. Defendants admit that Plaintiffs have instituted this lawsuit pursuant to Title VII of the Civil Rights Act of 1964 and 1991 and the Pennsylvania Human Relations Act. Defendants neither admit nor deny the remaining allegations contained in Paragraph 4 of the Complaint for the reason that said allegations state the legal conclusion of Plaintiffs and as such, require no answer.

4a. With respect to the allegations contained in Paragraph 4a of the Complaint, Defendants admit that Plaintiff Andrea Brooker filed a charge of discrimination against Textron Lycoming with the United States Equal Employment Opportunity Commission. Defendants neither admit nor deny the remaining allegations contained in Paragraph 4a of the Complaint for the reasons that they lack knowledge or information sufficient to form an opinion as to the truth of said allegations and to the extent that said allegations state the legal conclusion of Plaintiffs and as such, require no answer.

4b. Defendants neither admit nor deny the allegations contained in Paragraph 4b of the Complaint for the reason that they lack knowledge or information sufficient to form an opinion as to the truth of said allegations.

5. Defendants admit that in this lawsuit, Plaintiffs are seeking the remedies set forth in Paragraph 5 of the Complaint. Defendants deny any remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit that Defendant Textron Lycoming employed Plaintiff Andrea Brooker from 1997 to 2001. Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

## COUNT TWO

12. Defendants neither admit nor deny the allegations contained in Paragraph 12 of the Complaint for the reason that they lack knowledge or information sufficient to form an opinion as to the truth of said allegations.

13. In response to the allegations contained in Paragraph 13 of the Complaint, Defendants hereby incorporate by reference and restate their answer to Paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14. Defendants neither admit nor deny the allegations contained in Paragraph 14 of the Complaint for the reason that they lack knowledge or information sufficient to form an opinion as to the truth of said allegations.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

Defendants deny that Plaintiff Jermal D. Brooker is entitled to the relief requested in the unnumbered "Wherefore" paragraph immediately following Paragraph 15, or to any relief of any kind whatsoever.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiffs' Complaint, and by way of Affirmative Defense, Defendants will rely upon the following Affirmative Defenses, if applicable and supported by facts to be determined by appropriate discovery:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiffs' Title VII claims are barred because Plaintiff Andrea Brooker failed to exhaust her administrative remedies.

### FOURTH DEFENSE

Plaintiffs' Pennsylvania Human Relations Act claims are barred because Plaintiff Andrea Brooker failed to exhaust her administrative remedies.

### FIFTH DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

### SIXTH DEFENSE

Actions taken with regard to the employment of Plaintiff Andrea Brooker were taken for legitimate business reasons totally unrelated to Plaintiff's color or race or the fact that she had filed a charge with the Equal Employment Opportunity Commission.

## SEVENTH DEFENSE

Plaintiffs, by reason of their conduct and actions, are estopped from asserting the claims set forth in the Complaint.

## EIGHTH DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of unclean hands.

## NINTH DEFENSE

Plaintiffs are not entitled to permanent injunctive relief under the law or facts of this case.

## TENTH DEFENSE

Plaintiffs are not entitled to a declaratory judgment under the law or facts of this case.

## ELEVENTH DEFENSE

Plaintiffs' damages for loss of consortium are unavailable as a matter of law.

## TWELFTH DEFENSE

Plaintiffs have failed to mitigate their alleged damages.

## THIRTEENTH DEFENSE

Plaintiffs' damages are speculative and unavailable to them as a matter of law.

## FOURTEENTH DEFENSE

Some or all of Plaintiffs' claims against Defendant Textron Inc. are barred because Textron Inc. was never Plaintiff Andrea Brooker's employer.

WHEREFORE, Defendants deny that Plaintiffs are entitled to the relief requested in the Complaint and respectfully request that this Honorable Court dismiss Plaintiffs' Complaint against Defendants, enter judgment in Defendants' favor and award Defendants their costs and reasonable attorneys' fees incurred in defending this action.

Dated: August 15, 2002

                                                            Respectfully submitted,

                                                            _____

Andrew M. Kramer, Esq.
Sarah B. McClure, Esq.
JONES, DAY, REAVIS & POGUE
51 Louisiana Avenue, N.W.
Washington D.C. 20001-2113
(202) 879-3939 (telephone)
(202) 626-1700 (telecopy)

John E. Iole, Esq. (Pa. I.D. #47768)
JONES, DAY, REAVIS & POGUE
One Mellon Bank Center, 31st Floor
500 Grant Street
Pittsburgh, PA 15219-2502
(412) 391-3939 (telephone)
(412) 394-7959 (telecopy)
*Associate Counsel of Record*
*Pursuant to Local Rule 83.5.2*

Attorneys for Defendants

## CERTIFICATE OF SERVICE

This certifies that on this day, I served the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** on Plaintiffs by forwarding copies to their attorney via first-class mail to:

> Harry J. Sher, Esq.
> 1210 Atlantic Building
> 260 South Broad Street
> Philadelphia, PA  19102

This 20th day of August, 2002.

                                                                                       _____
                                                                                       Nicholas J. Sanservino, Jr.