**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
-------------------------------------------------X
ANDREA BROOKER and JERMAL D.          :
BROOKER,                              :
                                      :
              Plaintiffs,             :
                                      :    Civil Action No. 02-CV-2651
v.                                    :
                                      :    Judge Clifford Scott Green
TEXTRON, INC. and TEXTRON, INC.       :
a/k/a d/b/a TEXTRON LYCOMING and      :
TEXTRON LYCOMING and AVCO             :
CORPORATION,                          :
                                      :
              Defendants.             :
-------------------------------------------------X
```

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION PURSUANT TO 28 U.S.C. § 1404(a) TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF PENNSYLVANIA**

Defendants Textron Inc., Textron Lycoming, and Avco Corporation ("Avco") (collectively, "the Defendants"), by and through their attorneys, submit this Memorandum in Support of their Motion pursuant to 28 U.S.C. § 1404(a) to transfer this action to the Middle District of Pennsylvania, Williamsport Division. For the reasons set forth below, the convenience of the parties and witnesses and the interest of justice overwhelmingly indicate that this action should be transferred to the Middle District of Pennsylvania, Williamsport Division.

## BACKGROUND

Defendant Textron Inc. is a corporation organized under the laws of the State of Delaware. (Ex. A[1], ¶ 3)  Its principal place of business is in Providence, Rhode Island. (Id.)  Defendant Avco, which is a wholly-owned subsidiary of Textron Inc., is a corporation organized under the laws of the State of Delaware. (Ex. A, ¶¶ 5-6)  Its principal place of business is in Providence, Rhode Island. (Ex. A, ¶ 6)  Defendant Textron Lycoming is an unincorporated, operating division of Avco. (Ex. A, ¶ 8)  Its principal place of business is in Williamsport, Pennsylvania. (Id.)  Williamsport, Pennsylvania is located in the Middle District of Pennsylvania.

Plaintiff Andrea Brooker ("Ms. Brooker"), an African-American female who resides in Williamsport, Pennsylvania, was employed by Defendant Textron Lycoming in Williamsport from 1997 to 2001. (Ex. B[2], ¶ 3; Compl., ¶ 1)  Plaintiff Jermal D. Brooker, who also resides in Williamsport, Pennsylvania, is Ms. Brooker's husband. (Compl., ¶¶ 12, 14)

On or about May 14, 2002, Plaintiffs initiated the instant Complaint against Textron Inc., Textron Lycoming, and Avco.  The Complaint alleges, inter alia, that during Ms. Brooker's employment with Textron Lycoming in Williamsport, Pennsylvania, Defendants unlawfully discriminated against her because of her race and color by failing to provide her with equal employment opportunities. (Compl., ¶ 5)[3]  Specifically, the Complaint alleges that Defendants

---

[1] Attached as Exhibit A is the Affidavit of Ann T. Willaman, sworn to on May 30, 2002, which was originally submitted in support of Defendants' Motion to Dismiss Plaintiffs' Complaint for Improper Venue or, In the Alternative, to Transfer Venue pursuant to 28 U.S.C. § 1406(a).

[2] Attached as Exhibit B is the Affidavit of Dan P. Smith, sworn to on July 24, 2002.

[3] While Ms. Brooker names Textron Inc. and Avco as defendants in the Complaint, Ms. Brooker only filed an EEOC charge against Textron Lycoming and, significantly, in her EEOC charge, Ms. Brooker admitted that her employer was "Textron Lycoming."  (A copy of Ms. Brooker's EEOC charge is attached as Exhibit C; see also Ex. B, ¶ 3).  As both the Complaint and EEOC charge make clear, neither Textron Inc. nor Avco have any connection to this action other than their business affiliations with Textron Lycoming.

denied her "comparable pay and promotions with commensurate raises" and made her "the subject of excessive supervision, humiliation and harassment." (Compl., ¶ 6) The Complaint further alleges that Defendants retaliated against Ms. Brooker after she complained about Defendants' allegedly unlawful conduct by, inter alia, terminating her employment. (Id.)

## ARGUMENT

A.  **This Action Should be Transferred to the Middle District of Pennsylvania Pursuant to 28 U.S.C. § 1404(a)**

As Plaintiffs' Complaint makes clear, this action has absolutely no connection to the Eastern District of Pennsylvania. To the contrary, all of the relevant facts show that the Middle District of Pennsylvania is the proper venue for this action. Plaintiffs' residence (Williamsport, PA), the residence of Ms. Brooker's employer, Textron Lycoming (Williamsport, PA), and the place where Plaintiffs allege that their causes of action arose (Williamsport, PA) are all located in the Middle District of Pennsylvania. (Compl., ¶¶ 1, 5-6, 12; Ex. A, ¶ 8) Defendants further note that the United States District Courthouse in Williamsport, Pennsylvania is located approximately one hundred and eighty-five (185) miles from the United States District Courthouse in Philadelphia, Pennsylvania. Accordingly, for the convenience of the parties and witnesses and in the interest of justice, this Court should transfer Plaintiffs' action to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

28 U.S.C. § 1404(a) states that:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The purpose of section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Stamford

Holding Co. v. Clark, No. CIV.A. 02-269, 2002 WL 1040474, at *5 (E.D. Pa. May 23, 2002) (citations omitted) (attached as Ex. D). A district court has broad discretion in determining whether to transfer venue pursuant to section 1404(a). See Cameli v. WNEP-16 The News Station, 134 F. Supp. 2d 403, 405 (E.D. Pa. 2001). To justify a transfer under this section, the moving party must show that (i) venue is proper in the transferee district and (ii) transfer will serve the convenience of the parties and witnesses and will promote the interest of justice. Matt v. Baxter Healthcare Corp., 74 F. Supp. 2d 467, 468 (E.D. Pa. 1999) (citations omitted). As described more fully below, Defendants have clearly met each of these factors.

### 1. This Action Could Have Been Brought in the Middle District of Pennsylvania

Venue is proper in the Middle District of Pennsylvania for all of Plaintiffs' claims. As described above, all of Plaintiffs' causes of action are based upon alleged conduct taken by Textron Lycoming (which resides in the Middle District of Pennsylvania) against Ms. Brooker at its facility in Williamsport. (Compl., ¶¶ 5-6, 15; Ex. C) Thus, venue is proper in the Middle District of Pennsylvania for Plaintiffs' Title VII claim because it is a district "in which the alleged unlawful employment practice is alleged to have been committed. . . ." 42 U.S.C. § 2000e-5(f)(3). Similarly, venue is also proper in the Middle District of Pennsylvania for Plaintiffs' claim under 42 U.S.C. § 1981 ("Section 1981")[4] and for Plaintiffs' state-law claims because it is a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).[5]

---

[4] Claims filed under Section 1981 are governed by the general venue statute, 28 U.S.C. § 1391. See Mueller v. Penn. Att. Gen., Civ. A. No. 86-6074, 1987 WL 6323, at *1 (E.D. Pa. Feb. 6, 1987) (attached as Ex. E).

[5] The United States District Court for the Middle District of Pennsylvania would arguably have personal jurisdiction over all of the Defendants in this matter because Textron Lycoming, Avco and Textron Inc. conduct business in the Middle District of Pennsylvania. Because Plaintiffs' Complaint purports to bring federal causes of action pursuant to Title VII and Section 1981, the United States District Court for the Middle District of Pennsylvania would also arguably have federal question jurisdiction over Plaintiffs' federal claims, as well as

4

Accordingly, the Middle District of Pennsylvania is a district in which this action could have been brought.

### 2. The Balance of Factors Indicates That This Action Should be Transferred to the Middle District of Pennsylvania

In considering whether to transfer an action under section 1404(a), "courts should not limit their consideration to section 1404(a)'s enumerated factors of convenience of the parties, convenience of the witnesses, or interests of justice, but should consider all relevant factors, including both private and public factors." Stamford Holding Co., 2002 WL 1040474 at *5 (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)).  Accordingly, in deciding a motion to transfer venue, Pennsylvania courts have considered a number of private and public factors.

The private factors that are considered include:

> (1) plaintiff's choice of forum; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) convenience of the witnesses, to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the relative ease of access to sources of proof.

See Matt, 74 F. Supp. 2d at 468 (citations omitted); 28 U.S.C. § 1404(a); see also Jumara, 55 F.3d at 879.

The public factors that are considered include:

> (i) practical considerations that could make the trial easy, expeditious, or inexpensive; (ii) the local interest in deciding local controversies at home; (iii) the enforceability of the judgment; (iv) the relative administrative difficulty in the two fora resulting from court congestion; (v) the public policies of the fora; and (vi) the

---

(continued…)
supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  Defendants do not waive their right to subsequently move for dismissal of all or some of Plaintiffs' claims on the grounds that the Court lacks subject matter jurisdiction over those claims should the evidence so indicate.

>familiarity of the trial judge with the applicable state law in diversity cases.

See Jumara, 55 F.3d at 879.  As set forth below, the balance of factors in this case weighs overwhelmingly in favor of transferring this action to the Middle District of Pennsylvania.

> a. **The Balance of Private Factors Indicates That This Action Should be Transferred to the Middle District of Pennsylvania**

The balance of private favors weighs heavily in favor of transferring this action to the Middle District of Pennsylvania.

> (1) **Plaintiffs' Choice of Forum is Entitled to Diminished Weight**

"A plaintiff's choice of forum receives diminished weight when she chooses a forum in which she does not reside and in which none of the conduct giving rise to her claim occurred." Lamusta v. Lawson Mardon Wheaton, Inc., No. CIV. A. 99-3931, 2000 WL 274013, at *2 (E.D. Pa. Mar. 10, 2000) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 (1981)) (attached as Ex. F); see, e.g., Cameli, 134 F. Supp. 2d at 405; Matt, 74 F. Supp. 2d at 469.  Here, Plaintiffs are not residents of the Eastern District of Pennsylvania (Compl., ¶¶ 1, 12) and, as discussed above, none of the conduct giving rise to Plaintiffs' claims arose in the Eastern District of Pennsylvania.  (Compl., ¶¶ 5-6; Ex. B, ¶¶ 3-4; Ex. C)  Accordingly, no legitimate opposition to transfer can be based on this factor.

> (2) **Defendants' Choice of Forum**

Defendants believe that the Middle District of Pennsylvania is the most appropriate and convenient forum for this action for a variety of reasons, not the least of which include the fact that the Middle District of Pennsylvania is (i) where Plaintiffs reside (Compl., ¶¶ 1, 12); (ii) where the conduct giving rise to Plaintiffs' claims arose (Compl., ¶¶ 5-6; Ex. B, ¶¶ 3-4; Ex. C); (iii) where Plaintiff Andrea Brooker's former employer, Textron Lycoming, is located (Ex. A, ¶

6

8); and (iv) where most or all of the relevant witnesses, documentation, and records are located. (Ex. B, ¶¶ 3-6)  Accordingly, this factor weighs heavily in favor of transfer.

### (3)     Plaintiffs' Claims did not Arise in the Eastern District of Pennsylvania

None of Plaintiffs' claims bears any relation to the Eastern District of Pennsylvania. Indeed, it is undisputed that all of the events giving rise to Plaintiffs' claims arose at Textron Lycoming's facility in Williamsport, which is located in the Middle District of Pennsylvania. (Compl., ¶¶ 5-6; Ex. B, ¶¶ 3-4; Ex. C).  Accordingly, this factor also weighs overwhelmingly in favor of transfer to that District.  See, e.g., Lamusta, 2000 WL 274013 at *2 (citing Piper Aircraft Co., 454 U.S. at 256); Cameli, 134 F. Supp. 2d at 405; Matt, 74 F. Supp. 2d at 469.

### (4)     Convenience of the Parties

The Eastern District of Pennsylvania is not a convenient location for any of the parties. At all times relevant, Plaintiffs were residents of Williamsport, Pennsylvania (Compl., ¶¶ 1, 12) and, at all times relevant, Ms. Brooker was employed at Defendant Textron Lycoming's facility in Williamsport. (Ex. B, ¶ 3; Ex. C)  Thus, most of the parties and all of the facts relevant to this litigation are located in Williamsport, Pennsylvania, which is located approximately 185 miles from the United States District Courthouse in Philadelphia. (Ex. B, ¶¶ 4-6).  In light of this fact, it will be more convenient for all of the parties (including Plaintiffs) if this action is transferred to the Middle District of Pennsylvania.  Accordingly, this factor weighs strongly in favor of transfer to that District.  See Stamford Holding Co., 2002 WL 1040474 at *6 (granting § 1404(a) motion to transfer venue, in part because "[s]ince a majority of the parties, witnesses and records at issue in this case are located in Connecticut, it is clear that Connecticut is the most convenient forum regarding witnesses and the production of documentation."); Colandrea v. Nat'l R.R. Passenger Corp., No. Civ.A. 99-CV-2793, 2000 WL 186105, at *1 (E.D. Pa. Jan. 28, 2000)

7

("'[U]nder the balancing test inherent in any transfer analysis, the weaker the connection between the forum and either the plaintiff or the lawsuit, the greater the ability of a defendant to show sufficient inconvenience to warrant transfer.'") (citations omitted) (attached as Ex. G).

    **(5)  The Parties, the Relevant Witnesses and the Relevant Employment Records and Documents are Located in the Middle District of Pennsylvania**

There is no indication that any party, potential witness, or any documents relevant to this action are located in the Eastern District of Pennsylvania. Indeed, because (i) Plaintiffs reside in Williamsport (Compl., ¶¶ 1, 12) and (ii) Plaintiffs' causes of action arose at Textron Lycoming's facility in Williamsport (Compl., ¶¶ 5-6; Ex. B, ¶¶ 3-4; Ex. C), most, if not all, of the witnesses, documentation and records relevant to this case are located in the Middle District of Pennsylvania. (Ex. B, ¶¶ 3-6) Accordingly, this factor weighs heavily in favor of transfer. See Stamford Holding Co., 2002 WL 1040474 at *6 (granting § 1404 motion to transfer venue because a majority of the parties, witnesses and records at issue were located in the transferee district); Matt, 74 F. Supp. 2d at 469 (granting § 1404 motion to transfer venue because "virtually all of the files regarding the employment and benefits decisions pertaining to plaintiff" were located in the transferee district); United Consolidated Indus., Inc. v. Gen. Motors Corp., 343 F. Supp. 476, 477-78 (E.D. Pa. 1972) (granting § 1404 motion to transfer venue, in part because most of the relevant witnesses and all of the relevant documents were located outside of the Eastern District of Pennsylvania).

   **b.  The Balance of Public Interest Factors Indicates That This Action Should be Transferred to the Middle District of Pennsylvania**

The balance of public interest factors weighs heavily in favor of transferring this action to the Middle District of Pennsylvania.

### (1) It Would be Easier, More Expeditious and Less Expensive to Try This Action in the Middle District of Pennsylvania

Practical considerations favor the transfer of this case to the Middle District of Pennsylvania. As explained above, Plaintiffs and Textron Lycoming reside in the Middle District of Pennsylvania (Compl., ¶¶ 1, 12; Ex. A, ¶ 8); Plaintiffs' causes of action arose in the Middle District of Pennsylvania (Compl., ¶¶ 5-6, 15; Ex. B, ¶¶ 3-4; Ex. C); and most or all of the key witnesses, documentation and records are located in the Middle District of Pennsylvania. (Ex. B, ¶¶ 3-6) None of the key witnesses, documentation and records relevant to this proceeding are located in the Eastern District of Pennsylvania. Accordingly, the trial of this action would be easier, more expeditious, and less expensive if this case was tried in the Middle District of Pennsylvania. See Stamford Holding Co., 2002 WL 1040474 at *7 (granting § 1404(a) motion to transfer venue to the District of Connecticut, in part because, "[r]egarding practical considerations that could make the trial easy, expeditious or inexpensive, Connecticut is the better forum since all Defendants and the majority of the witnesses and relevant documentation are located there. . . .").

### (2) The Middle District of Pennsylvania has a Strong Local Interest in Deciding This Case

Unlike the Eastern District of Pennsylvania, the Middle District of Pennsylvania has a strong local interest in presiding over this case because (i) the Plaintiffs reside in the Middle District (Compl., ¶¶ 1, 12) and (ii) their causes of action arose in the Middle District. (Compl., ¶¶ 5-6, 15; Ex. B, ¶¶ 3-4; Ex. C) Indeed, under similar facts, the Eastern District of Pennsylvania recently granted a section 1404(a) motion to transfer venue because the local interest "weigh[ed] heavily in favor of transfer." See Cameli, 134 F. Supp. 2d at 406-07. In granting defendant's

motion to transfer venue from the Eastern District of Pennsylvania to the Middle District of Pennsylvania, the Court in Cameli stated that:

> . . . .there is a strong local interest in the Scranton-area for this dispute to be resolved here . . . [because] this claim involves a Scranton-area resident who was allegedly discriminated against by her Scranton-area employer. Nearly all of the relevant conduct occurred in that community and the impact of any judgment would almost certainly be felt there. Conversely, Philadelphia's connection to this matter is at best tenuous. There is no indication that any party, witness, or other implicated person has any connection whatsoever with Philadelphia, other than perhaps working for a corporation that generally 'conducts business' here. As a result, we find the local interest in this dispute weighs heavily in favor of transfer.

Id.; see also Lamusta, 2000 WL 274013 at *4 (granting § 1404(a) motion to transfer venue to the District of New Jersey because "[a]ll meaningful ties to and interest in this action lie in New Jersey, the home forum of both parties. This is a very substantial consideration.") (citation omitted). Accordingly, this factor weighs heavily in favor of transfer.

### (3) The Other Public Interest Factors are not Relevant to this Case

The remaining public interest factors are not relevant to the facts of this case. First, any judgment reached by the Eastern District or the Middle District would be equally enforceable against the parties. Second, Defendants are unaware of any facts suggesting that either the Eastern District or the Middle District would have any administrative difficulty in trying this case. Finally, judges in the Eastern District and the Middle District presumably are equally familiar with causes of action governed by Pennsylvania state law. Accordingly, none of these factors should weigh in this Court's analysis of Defendants' Motion.

### 3. The Interests of Justice and the Balance of Factors Favor Transfer to the Middle District of Pennsylvania

After review of the factors to be considered in a section 1404(a) analysis in light of the facts in this action, it is apparent that the Eastern District of Pennsylvania is not the appropriate venue for this case. The Eastern District of Pennsylvania has absolutely no discernable connection to this action -- no witnesses reside in the Eastern District, Plaintiffs and Textron Lycoming do not reside in the Eastern District and none of the alleged operative events giving rise to this action occurred in the Eastern District. See Matt, 74 F. Supp. 2d at 470 (stating that it was in the interests of justice to transfer venue pursuant to section 1404(a) because plaintiff did not reside in the Eastern District of Pennsylvania and the events giving rise to Plaintiff's claims did not arise in the Eastern District). By contrast, the Middle District of Pennsylvania, which bears an extremely strong connection to this case, is an appropriate venue to which this action may be transferred. Specifically, both Plaintiffs and Textron Lycoming reside in the Middle District, Plaintiffs' causes of action arose in the Middle District, and most or all of the witnesses in this action reside in the Middle District.

That this case does not belong in the Eastern District of Pennsylvania is glaringly obvious. The Middle District of Pennsylvania is the alternative venue which is most convenient to the parties and the witnesses involved.

## **CONCLUSION**

For the foregoing reasons, this Court should transfer this action to the Middle District of Pennsylvania.

Dated: August 15, 2002

Respectfully submitted,

_____
Andrew M. Kramer, Esq.
Sarah B. McClure, Esq.
JONES, DAY, REAVIS & POGUE
51 Louisiana Avenue, N.W.
Washington D.C.  20001-2113
(202) 879-3939 (telephone)
(202) 626-1700 (telecopy)

John E. Iole, Esq.  (Pa. I.D. #47768)
JONES, DAY, REAVIS & POGUE
One Mellon Bank Center, 31st Floor
500 Grant Street
Pittsburgh, PA  15219-2502
(412) 391-3939 (telephone)
(412) 394-7959 (telecopy)
*Associate Counsel of Record*
*Pursuant to Local Rule 83.5.2*

Attorneys for Defendants

## CERTIFICATE OF SERVICE

This certifies that on this day, I served the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION PURSUANT TO 28 U.S.C. § 1404(a) TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF PENNSYLVANIA** on Plaintiffs by forwarding copies to their attorney via first-class mail to:

>Harry J. Sher, Esq.
>1210 Atlantic Building
>260 South Broad Street
>Philadelphia, PA  19102

This 20th day of August, 2002.

_____
Nicholas J. Sanservino, Jr.