IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------------X
ANDREA BROOKER and JERMAL D.           :
BROOKER,                               :
                                       :
              Plaintiffs,              :
                                       :   Civil Action No. 02-CV-2651
v.                                     :
                                       :
TEXTRON, INC. and TEXTRON, INC.        :
a/k/a d/b/a TEXTRON LYCOMING and       :
TEXTRON LYCOMING and AVCO              :
CORPORATION,                           :
                                       :
              Defendants.              :
------------------------------------------------------X
```

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION PURSUANT TO 28 U.S.C. § 1404(a) TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF PENNSYLVNIA**

Defendants Textron Inc., Textron Lycoming, and Avco Corporation (collectively, "the Defendants"), by and through their attorneys, submit this Reply Memorandum in further support of their Motion Pursuant to 28 U.S.C. § 1404(a) to Transfer Venue to the Middle District of Pennsylvania, Williamsport Division.

**INTRODUCTION**

It is well-settled that Pennsylvania courts consider a variety of private and public factors in deciding whether to transfer venue pursuant to 28 U.S.C. § 1404(a). Notwithstanding this fact, Plaintiffs' Memorandum in Response to Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) to the Middle District of Pennsylvania ("Plaintiffs' Memorandum") relies almost entirely upon the assertion that venue should remain in the Eastern District of Pennsylvania because two of Plaintiffs' potential witnesses reside in Washington D.C., which is

located approximately seventy miles closer to the Eastern District of Pennsylvania's Courthouse in Philadelphia than the Middle District of Pennsylvania's Courthouse in Williamsport. Perhaps realizing that the private and public factors that Pennsylvania courts routinely consider in deciding whether to transfer venue under 28 U.S.C. § 1404(a) weigh overwhelmingly in favor of transfer to the Middle District of Pennsylvania, Plaintiffs' Memorandum wholly fails to address how *any* of the other relevant private and public factors support their position that venue should remain in the Eastern District of Pennsylvania.

Accordingly, in light of the fact that this action has absolutely no connection to the Eastern District of Pennsylvania, and that the balance of private and public factors overwhelmingly indicates that this action should be transferred to the Middle District of Pennsylvania, this Court should grant Defendants' Motion and transfer this action to the Middle District of Pennsylvania, Williamsport Division.

## ARGUMENT

It is well-settled that in deciding a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), Pennsylvania courts consider a number of private and public factors. The private factors that are considered include:

> (1) plaintiff's choice of forum; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) convenience of the witnesses, to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the relative ease of access to sources of proof.

See Matt v. Baxter Healthcare Corp., 74 F. Supp. 2d 467, 468 (E.D. Pa. 1999) (citations omitted); 28 U.S.C. § 1404(a); see also Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

The public factors that are considered include:

> (i) practical considerations that could make the trial easy, expeditious, or inexpensive; (ii) the local interest in deciding local controversies at home; (iii) the enforceability of the judgment; (iv) the relative administrative difficulty in the two fora resulting from court congestion; (v) the public policies of the fora; and (vi) the familiarity of the trial judge with the applicable state law in diversity cases.

See Jumara, 55 F.3d at 879. Plaintiffs' Memorandum inexplicably fails to address any of these factors.

As Defendants' moving papers make clear, and as Plaintiffs must concede, all of the relevant factors show that the Middle District of Pennsylvania is the proper venue for this action. (Defs' Memorandum in Support, at 5-11)  In particular, Plaintiffs' residence; the residence of Ms. Brooker's employer, Textron Lycoming[1]; and the place where Plaintiffs allege that their causes of action arose are all located in Williamsport, Pennsylvania, which is located in the Middle District of Pennsylvania.  Moreover, most of the parties and all of the relevant facts are located in the Middle District of Pennsylvania.  In light of these facts, the Middle District of Pennsylvania, unlike the Eastern District of Pennsylvania, has a strong local interest in deciding this case.

Significantly, Plaintiffs' Memorandum does not dispute *any* of these facts, nor does it address how the various private and public interest factors that are relevant in deciding a motion to transfer venue under 28 U.S.C. § 1404(a) support Plaintiffs' position that venue should remain

---

[1] Plaintiffs' assertion that Defendants' affidavits suggest that Textron Inc. is the "lead Defendant" in this case (Pls' Memorandum, at 7) is disingenuous at best and simply reinforces the fact that Plaintiffs cannot seriously dispute that this action should be transferred to the Middle District of Pennsylvania.  As the facts make clear, at all times relevant, Textron Lycoming, which is located in Williamsport, was Plaintiff Andrea Brooker's employer.  Indeed, Ms. Brooker only filed an EEOC charge against Textron Lycoming, and in her charge, she admitted that her employer was "Textron Lycoming."  (Defs' Memorandum in Support, Ex. C)  As both the Complaint and Ms. Brooker's EEOC charge make clear, Textron Inc. has absolutely no connection to this dispute other than its attenuated business affiliation with Textron Lycoming.

in the Eastern District. Instead, Plaintiffs' Memorandum simply raises three arguments, each of which is wholly without merit.

First, Plaintiffs' disingenuously assert that Defendants' Motion should be denied because Defendants "have failed to allege with specificity and produce evidence, beyond naked assertions in one Affidavit of a Williamsport resident that it is 'more convenient' to transfer this matter to the Middle District of Pennsylvania" (Pls' Memorandum, at 1) and that two of Plaintiffs' potential witnesses, each of whom reside in Washington D.C., will be inconvenienced if they have to travel to the Middle District instead of the Eastern District. (Pls' Memorandum, at 4) Notwithstanding the fact that Plaintiffs rely almost exclusively upon precedent from outside of this Circuit to support their position, Plaintiffs' argument is wholly without merit.

As a threshold matter, the convenience of the parties and/or witnesses are only two factors that courts consider in deciding a motion to transfer venue under 28 U.S.C. § 1404(a). As Defendants' moving papers make clear, not only do these factors favor transfer to the Middle District of Pennsylvania, but the balance of the remaining private and public interest factors overwhelming favors the transfer of this action to the Middle District. (Defs' Memorandum in Support, at 5-11) In any event, the affidavit of Dan P. Smith, which is attached to Defendants' moving papers, states that Mr. Smith and current and former Textron Lycoming employees are likely to be potential witnesses in this action. Mr. Smith's affidavit also provides a summary of the issues he would likely testify to at trial. (Defs' Memorandum in Support, Ex. B, ¶ 4.) Moreover, Mr. Smith's supplemental affidavit, attached hereto as Ex. A, provides the names and addresses of six additional individuals who are potential witnesses in this matter, each of whom would testify as to certain issues involving Ms. Brooker's employment at Textron Lycoming, and

all of whom reside in the Williamsport area. Clearly, the convenience of the parties and witnesses favors transfer to the Middle District.

Second, Plaintiffs' Memorandum makes the remarkable (and unsubstantiated) assertion this case should remain in the Eastern District because "there are no overwhelming factors that militate transfer from Philadelphia to the Middle District." (Pls' Memorandum, at 4) In making this assertion, however, Plaintiffs completely ignore the fact that: (i) Plaintiffs reside in the Middle District of Pennsylvania; (ii) Ms. Brooker's former employer, Textron Lycoming, resides in the Middle District of Pennsylvania; (iii) the alleged events giving rise to Plaintiffs' causes of action arose in the Middle District of Pennsylvania; (iv) most of the parties and relevant witnesses and all of the relevant documents are located in the Middle District of Pennsylvania; and (v) the Middle District of Pennsylvania has a strong local interest in deciding this case. (Defs' Memorandum in Support, at 5-11)

Moreover, in support of their position, Plaintiffs mischaracterize the Third Circuit's holding in Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995). As a threshold matter, in Jumara, the Third Circuit *granted* a motion to transfer venue from the Eastern District of Pennsylvania to the Middle District of Pennsylvania. In their Memorandum, Plaintiffs incorrectly assert that the Third Circuit transferred the case to the Middle District "mainly based on a contractual forum selection clause" and that "the case could have been left in the Eastern District." (Pls' Memorandum, at 4) (emphasis in original) As Jumara makes clear, however, the Third Circuit transferred venue from the Eastern District to the Middle District because the balance of the private and public interest factors "unequivocally" supported transfer to the Middle District. Id. at 880. Indeed, the Third Circuit explicitly stated that maintaining venue in the Eastern District would have been "an odd result given the location of the parties, the situs of

the original contract, and the ultimate location of the arbitration proceedings . . . we believe the factors weigh so heavily in favor of transferring this action to the Middle District that we will apply § 1404(a) . . . ."  Id.

Like Jumara, the facts here show that maintaining venue in the Eastern District would be an "odd result" because the parties' residence, the residence of Ms. Brooker's former employer, Textron Lycoming, and the location where Plaintiffs' causes of action allegedly arose are all located in the Middle District of Pennsylvania.  Indeed, under similar facts, this court recently transferred an action to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).  See Cameli v. WNEP-16 The News Station, 134 F. Supp. 2d 403, 406-407 (E.D. Pa. 2001) (transferring action to Middle District of Pennsylvania because the facts weighed heavily in favor of transfer and the Eastern District's "connection to this matter is at best tenuous.").

Finally, Plaintiffs provide a smorgasboard of conclusory assertions in support of their position that Defendants would not be inconvenienced if this action remains in the Eastern District.  (Pls' Memorandum, at 7-8)  However, as explained above, the convenience of the parties is only one factor that courts consider in determining whether to transfer venue pursuant to 28 U.S.C. § 1404(a).  In any event, and as described in Defendants' moving papers, the convenience of the parties weighs heavily in favor of transferring this action to the Middle District of Pennsylvania because: (i) Plaintiffs reside in the Middle District; (ii) Ms. Brooker's former employer, Textron Lycoming, resides in the Middle District; and (iii) all of the facts and documents relevant to this litigation are located in the Middle District.  (Defs' Memorandum in Support, at 7-8)

In sum, Plaintiffs have made no effort to show how the balance of the private and public interest factors weighs in favor of maintaining this action in the Eastern District; nor do they

dispute Defendants' showing that these factors overwhelming favor transfer to the Middle District. Accordingly, this Court should transfer venue to the Middle District of Pennsylvania, Williamsport Division, pursuant to 28 U.S.C. § 1404(a).

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion Pursuant to 28 U.S.C. § 1404(a) to Transfer Venue to the Middle District of Pennsylvania should be granted.

Dated: October 11, 2002

                        Respectfully submitted,

                        _____

                        Andrew M. Kramer, Esq.
                        Sarah B. McClure, Esq.
                        JONES, DAY, REAVIS & POGUE
                        51 Louisiana Avenue, N.W.
                        Washington D.C.  20001-2113
                        (202) 879-3939 (telephone)
                        (202) 626-1700 (telecopy)

                        John E. Iole, Esq.  (Pa. I.D. #47768)
                        JONES, DAY, REAVIS & POGUE
                        One Mellon Bank Center, 31st Floor
                        500 Grant Street
                        Pittsburgh, PA  15219-2502
                        (412) 391-3939 (telephone)
                        (412) 394-7959 (telecopy)
                        *Associate Counsel of Record*
                        *Pursuant to Local Rule 83.5.2*

                        Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

This certifies that on this day, I served the foregoing **DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION PURSUANT TO 28 U.S.C. § 1404(a) TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF PENNSYLVANIA** on Plaintiffs by forwarding copies to their attorney via first-class mail to:

> Harry J. Sher, Esq.
> 1210 Atlantic Building
> 260 South Broad Street
> Philadelphia, PA  19102

This 11th day of October, 2002.

_____
Nicholas J. Sanservino, Jr.