## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

----------------------------------------------------X
ANDREA BROOKER and JERMAL D. BROOKER,

         Plaintiffs,

v.

TEXTRON, INC. and TEXTRON, INC. a/k/a d/b/a TEXTRON LYCOMING and TEXTRON LYCOMING and AVCO CORPORATION,

         Defendants.
----------------------------------------------------X

Civil Action No. 02-CV-2651 (CSG)

## DEFENDANTS' MOTION TO COMPEL DISCOVERY

Pursuant to Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1(g), Defendants Textron Inc., Textron Lycoming and Avco Corporation (collectively, "Defendants") request the Court to compel Plaintiffs to immediately comply with Defendants' discovery requests; to compel Plaintiff Andrea Brooker to appear for deposition; and to direct Plaintiffs to timely respond to Defendants' discovery requests in the future. In support of this Motion, Defendants state:

1.    Defendants served their First Set of Document Requests and First Set of Interrogatories on February 7, 2003. (Copies of Defendants' First Set of Document Requests and First Set of Interrogatories are attached hereto as Exhs. A and B, respectively)

2.    Pursuant to Fed. R. Civ. P. 33 and 34, Plaintiffs' responses to Defendants' interrogatories and document requests were due on or before March 12, 2003. To date,

Plaintiffs have not responded to Defendants' interrogatories or document requests, nor have they asserted any objections to Defendants' interrogatories or document requests.

3. At no time have Plaintiffs requested an extension of time to respond to Defendants' discovery requests.

4. By letter dated February 7, 2003 (attached as Exh. C), Defendants' counsel notified Plaintiffs' counsel of Defendants' intent schedule depositions in this matter, including the deposition of Plaintiff Andrea Brooker, and requested that Plaintiffs' counsel provide Defendants with dates on which Ms. Brooker was available to be deposed. Plaintiffs' counsel did not respond to the February 7 letter.

5. On March 6, 2003, Plaintiffs served a document entitled "Plaintiffs' Required Disclosures" (attached as Exh. D), which stated that "copies of documents [are] included herewith." In the cover letter that accompanied Plaintiffs' Required Disclosures (attached as Exh. E), Plaintiffs' counsel stated that Plaintiffs "should be able to provide . . . responses [to Defendants' discovery requests] in the near future" and that because of the "bulk of documents, they are included under separate cover." To date, Defendants have not received any of the documents referenced in Plaintiffs' Required Disclosures or in the March 6 cover letter that accompanied Plaintiffs' Required Disclosures.

6. Based in large part upon Plaintiffs' failure to respond to Defendants' written discovery requests, the parties submitted a joint stipulation to the Court requesting that the discovery deadline in this matter be extended sixty (60) days, to June 10, 2003. The Court approved the parties' joint stipulation on March 18, 2003. (A copy of the Stipulation and Order for Extension of Discovery Deadline is attached as Exh. F)

7. By letter dated March 24, 2003 (attached as Exh. G), Defendants' counsel notified Plaintiffs' counsel that Plaintiffs' discovery responses were overdue and that "[t]o date, we have not received anything from Plaintiffs in response to [Defendants'] discovery requests." Defendants' counsel also stated that Defendants "would like to begin scheduling depositions in this matter as soon as possible, but cannot do so until Plaintiffs respond to Defendants' written discovery requests." Accordingly, Defendants' counsel requested that Plaintiffs produce their discovery responses by March 31, 2003. Plaintiffs' counsel did not respond to the March 24 letter.

8. By letter dated April 1, 2003 (attached as Exh. H), Defendants' counsel notified Plaintiffs' counsel that "Plaintiffs' responses to our discovery requests . . . were due over two weeks ago. You have not responded to my various letters inquiring when I can expect to receive them." The April 1 letter also proposed several dates for Plaintiff Andrea Brooker's deposition.

9. On or about April 2, 2003, Plaintiffs' counsel left a voice-mail message with Defendants' counsel stating that Plaintiffs' discovery responses were complete and that Plaintiffs' counsel would serve the discovery responses shortly.

10. By letter dated April 4, 2003 (attached as Exh. I), Defendants' counsel confirmed "that Plaintiffs' responses to Defendants' discovery requests are complete and in [Plaintiffs' counsel's] possession, and that all that remains to be done is to mail the responses to us." In the April 4 letter, Defendants' counsel proposed the same dates for Ms. Brooker's deposition as were proposed in the April 1 letter and asked Plaintiffs' counsel to select a date for Ms. Brooker's deposition. Plaintiffs' counsel did not respond to the April 4 letter.

11. On April 11, 2003, Defendants noticed Plaintiff Andrea Brooker's deposition for May 7, 2003. (A copy of Defendants' Notice to Take Oral Deposition of Andrea Brooker is attached as Exh. J)

12. By letter dated April 15, 2003 (attached as Exh. K), Defendants' counsel notified Plaintiffs' counsel that Defendants would file a motion to compel discovery unless Plaintiffs immediately served their responses to Defendants' discovery requests. The April 15 letter also stated that Plaintiffs' counsel has "repeatedly ignored [Defendants'] attempts to schedule Ms. Brooker's deposition." Later that same day, Defendants' counsel left a voice-mail message with Plaintiffs' counsel confirming the representations made in the April 15 letter.

13. On April 16, 2003, Plaintiffs' counsel left a voice-mail message with Defendants' counsel requesting that Defendants refrain from filing a motion to compel discovery. In his voice-mail message, Plaintiffs' counsel indicated that Defendants' discovery responses basically were complete but that they could not be served because they still needed to be reviewed and because Plaintiffs' counsel's secretary was out of the office for the remainder of the week. Plaintiffs' counsel also stated that he was not sure if Ms. Brooker's deposition could go forward on May 7, 2003 due to a potential work conflict, and that he did not know for sure when he would know if the May 7 deposition could go forward. Plaintiffs' counsel did not provide alternative dates for Ms. Brooker's deposition.

14. Later that same day, by letter dated April 16, 2003 (attached as Exh. L), Plaintiffs' counsel asked Defendants to "refrain from filing a motion for the next several days." Plaintiffs' counsel did not, however, confirm if and when Plaintiffs would serve

their responses to Defendants' discovery requests.  Plaintiffs' counsel also stated that "May 7, 2003 may not be ok for a deposition date [for Ms. Brooker]. . . ."  Plaintiffs' counsel did not, however, state when he would confirm if, in fact, Ms. Brooker's deposition could go forward on May 7, nor did Plaintiffs' counsel provide alternative dates for Ms. Brooker's deposition.

15. By letter dated April 17, 2003 (attached as Exh. M), Defendants' counsel notified Plaintiffs' counsel that Defendants would file their motion to compel discovery with the Court if Plaintiffs' counsel did not confirm by 2:00 p.m., in writing, that (i) Plaintiffs would serve their discovery responses by the close of business on April 18, 2003 and (ii) Ms. Brooker would be produced on May 7, 2003 for her deposition, and if she was not going to be produced, what dates Ms. Brooker was available to be deposed.

16. Plaintiffs' counsel did not respond in writing to Defendants' counsel's April 17, 2003 letter.  Instead, Plaintiffs' counsel called Defendants' counsel on April 17, 2003.  During this telephone conversation, Plaintiffs' counsel did not confirm when Plaintiffs' discovery responses would be served, nor did he confirm whether Ms. Brooker's deposition would go forward on May 7, 2003.

17. Due to Plaintiffs' wholesale failure to comply with Defendants' legitimate discovery requests, Defendants have been and continue to be prejudiced.  As a result of Plaintiffs' actions, the discovery deadline in this case, which has already been extended one time by the Court, is set for June 10, 2003.

Defendants anticipate noticing a number of depositions in preparation for, among other things, filing a motion for summary judgment, which would be due fifteen days after the close of discovery.  However, as a result of Plaintiffs' delay in responding to *any*

of Defendants' discovery requests, in addition to Plaintiffs' counsel's refusal to schedule a date for Plaintiff Andrea Brooker's deposition, Defendants have not obtained a shred of information from Plaintiffs, despite the fact that Defendants' discovery requests have been pending for over two months.  Accordingly, Defendants respectfully request the Court's intervention so that they may obtain long overdue information from Plaintiffs that is necessary and relevant to the defenses Defendants will be asserting in this action.

WHEREFORE, Defendants request that the Court issue an Order (i) compelling Plaintiffs to respond immediately to Defendants' First Set of Interrogatories and First Set of Document Requests; (ii) compelling Plaintiff Andrea Brooker to appear for deposition on May 7, 2003 or, in the alternative, compelling Plaintiffs to immediately provide dates in early May 2003 to Defendants on which Ms. Brooker is available to be deposed; (iii) compelling Plaintiffs to timely respond to Defendants' discovery requests in the future; (iv) awarding Defendants the costs and reasonable attorney's fees incurred in bringing this Motion; and (v) awarding Defendants such other relief as the Court deems just and proper.

Dated:  April 18, 2003

Respectfully submitted,

_____
Alison B. Marshall, Esq.
Sarah B. McClure, Esq.
Nicholas J. Sanservino, Jr., Esq.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
(202) 879-3939 (telephone)
(202) 626-1700 (telecopy)
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
-----------------------------------------------------X
ANDREA BROOKER and JERMAL D.            :
BROOKER,                                :
                                        :
              Plaintiffs,               :
                                        :   Civil Action No. 02-CV-2651 (CSG)
v.                                      :
                                        :
TEXTRON, INC. and TEXTRON, INC.         :
a/k/a d/b/a TEXTRON LYCOMING and        :
TEXTRON LYCOMING and AVCO               :
CORPORATION,                            :
                                        :
              Defendants.               :
-----------------------------------------------------X
```

## LOCAL CIVIL RULE 26.1(f) CERTIFICATE

The undersigned counsel for Defendants Textron Inc., Textron Lycoming and Avco Corporation certifies that they have conferred with Plaintiffs' counsel in writing and by telephone on various dates in March and April 2003 in an effort to resolve the discovery dispute that is the subject of Defendants' Motion to Compel Discovery. Despite a good-faith effort to resolve these issues without the necessity of court intervention, the parties have been unable to reach a mutually acceptable resolution of their dispute.

Dated:  April 18, 2003

                                            Respectfully submitted,

                                            _____

                                            Alison B. Marshall, Esq.
                                            Sarah B. McClure, Esq.
                                            Nicholas J. Sanservino, Esq.
                                            JONES DAY
                                            51 Louisiana Avenue, N.W.
                                            Washington, D.C.  20001
                                            (202) 879-3939 (telephone)
                                            (202) 626-1700 (telecopy)
                                            Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------X
ANDREA BROOKER and JERMAL D.         :
BROOKER,                             :
                                     :
              Plaintiffs,            :
                                     :   Civil Action No. 02-CV-2651 (CSG)
v.                                   :
                                     :
TEXTRON, INC. and TEXTRON, INC.      :
a/k/a d/b/a TEXTRON LYCOMING and     :
TEXTRON LYCOMING and AVCO            :
CORPORATION,                         :
                                     :
              Defendants.            :
-------------------------------------------------X
```

### ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of Defendants' Motion to Compel Discovery, and all papers submitted in support thereof and in opposition thereto, it is

ORDERED

that Defendants' Motion is GRANTED, and Plaintiffs are ordered to (i) respond immediately to Defendants' First Set of Interrogatories and First Set of Document Requests; (ii) produce Plaintiff Andrea Brooker for deposition on May 7, 2003 or, in the alternative, to immediately provide Defendants with dates in early May 2003 on which Ms. Brooker is available to be deposed; (iii) timely respond to Defendants' discovery

requests in the future; and (iv) pay Defendants their costs and reasonable attorneys' fees incurred in bringing the instant Motion.

DATE:_____                    BY THE COURT:

 

                                                    _____
                                                    United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that, on this 18th day of April, 2003, a true and correct copy of the foregoing **Defendants' Motion to Compel Discovery** and **Local Civil Rule 26.1(f) Certificate** were served by facsmile (without exhibits attached to Defendants' Motion) and first-class mail (with exhibits attached to Defendants' Motion) upon:

> Harry J. Sher, Esq.
> 1210 Atlantic Building
> 260 South Broad Street
> Philadelphia, PA  19102
> (215) 985-1003
> Attorney for Plaintiffs

_____
Nicholas J. Sanservino