### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
----------------------------------------------------X
ANDREA BROOKER and JERMAL D.          :
BROOKER,                              :
                                      :
                    Plaintiffs,       :
                                      :        Civil Action No. 02-CV-2651 (CSG)
v.                                    :
                                      :
TEXTRON, INC. and TEXTRON, INC.       :
a/k/a d/b/a TEXTRON LYCOMING and      :
TEXTRON LYCOMING and AVCO             :
CORPORATION,                          :
                                      :
                    Defendants.       :
----------------------------------------------------X
```

**OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME IN WHICH
TO TAKE THE DEPOSITION OF DEFENDANTS, AND DEFENDANTS' MOTION FOR
THE COURT TO DECIDE THIS ISSUE ON AN EMERGENCY BASIS**

Plaintiff's Motion for Extension of Time in Which To Take the Deposition of Defendants

-- filed <u>16 days</u> after the close of discovery and <u>two business days</u> before Defendants must file

their motion for summary judgment -- is a transparent attempt to disadvantage Defendants and,

at the very least, comes way too late.  If the Court were to grant Plaintiffs' motion, Plaintiffs

would succeed in making a mockery of discovery rules at significant cost and prejudice to

Defendants.  The facts, which were grossly mischaracterized in Plaintiffs' motion, speak for

themselves and belie Plaintiffs' contention that they deserve additional time to conduct discovery

outside the Court-mandated discovery period.  Defendants urge this Court to enforce its

discovery deadline and reject Plaintiffs' motion for the reasons outlined below:

   1.  As an initial matter, despite Plaintiffs' characterization of their motion as a motion

for an "extension" to take the deposition of Defendants, there is nothing to extend here.

Discovery in this case closed on September 10, 2003.

WAI-2078321v1

2.      Moreover, Defendants' deadline for filing their motion for summary judgment is this Wednesday, October 1, 2003. See September 22, 2003 Stipulation and Order which was ordered by the Court on or about September 23, 2003, attached as Exhibit 1.

3.      Plaintiffs' counsel has been aware that discovery had closed in this case and that Defendants were preparing their motion for summary judgment. In fact, on September 15, 2003, defense counsel contacted Plaintiffs' counsel, Harry Sher, and left a message on his voicemail that Defendants would be filing their motion for summary judgment since the discovery period had closed. Mr. Sher never responded to this voicemail. See Declaration of Robin D. Stumpf, attached as Exhibit 2.

4.      What's more, on September 18, September 19 and on September 22, defense counsel contacted Mr. Sher to inquire whether he would consent to Defendants' motion to extend the deadline to file their summary judgment motion from September 26, 2003 to October 1, 2003 due to Hurricane Isabel. Mr. Sher returned defense counsel's call on September 18, 2003 and spoke with defense counsel on September 22, 2003 related to this issue. See id. Although he had every opportunity to inform defense counsel that he intended to ask the Court to allow Plaintiffs to take Defendants' deposition after the close of discovery, Mr. Sher never raised the issue and consented to Defendants' motion to extend the summary judgment filing deadline. See Stipulation and Order at Exhibit 1.

5.      Instead, in what can only be a strategic decision, Plaintiffs' counsel waited until the eleventh hour -- after business hours on Friday, September 26, 2003 and only two business days before Defendants are set to file their motion for summary judgment -- to serve on Defendant their motion for an "extension" to take Defendants' deposition.

WAI-2078321v1                                    2

6.      In fact, the parties and this Court have extended the discovery deadline four times in this case, two of those times for the sole purpose that Plaintiffs complete a 30(b)(6) deposition of Defendants.  See March 19, 2003; June 11, 2003; July 9, 2003 and August 13, 2003 Orders for Extension of Discovery Deadline, attached as Exhibit 3.  All told, Plaintiffs' counsel has had since January 10, 2003, when this Court issued its scheduling order, to accomplish the deposition of Defendants' representative and to address any issues attendant to that deposition.

7.      During the eight-month discovery period, Plaintiffs have twice served the identical deposition notice on Defendants on May 2, 2003 and June 27, 2003 requesting to take a 30(b)(6) deposition of Defendants.  Despite the fact that Defendants' place of business and Plaintiff Andrea Brooker's residence are both located in Williamsport, Pennsylvania, Plaintiffs' counsel noticed these depositions for his office in Philadelphia.  See May 2, 2003 and June 27, 2003 Notices of Deposition, attached as Exhibit 4.

8.      In response to both deposition notices, and several times in between, defense counsel have voiced their serious and legitimate concerns regarding the deposition location and, in particular, the scope of Plaintiffs' proposed 30(b)(6) topics.  Specifically, Defendants communicated to Plaintiffs' counsel on untold occasions that many of his eight proposed 30(b)(6) topics were either unintelligible, or completely overbroad in the context of a race discrimination lawsuit containing primarily promotion and pay claims.  See defense counsel's letters to Harry Sher dated May 5, 2003 and July 3, 2003 communicating their concerns and outlining specific objections to Plaintiffs' deposition topics, attached as Exhibit 5.

9.      With respect to the deposition location, defense counsel explained to Mr. Sher that it was a universally accepted federal rule that a party seeking discovery must go where the

desired witness is located -- here, Williamsport, Pennsylvania. <u>See</u> July 3, 2003 letter at Exhibit 5.

10.     Given that Plaintiffs' 30(b)(6) deposition notices ignored Rule 30(b)(6)'s basic command to state the topics of inquiry with "reasonable particularity," defense counsel had no choice but to decline to produce their client for deposition until Plaintiffs clarified their deposition topics and Defendants understood the limits of the deposition.

11.     In this regard, defense counsel encouraged Plaintiffs' counsel on scores of occasions to either re-serve them with an updated and proper deposition notice or to contact defense counsel to work out appropriate topics in order that Plaintiffs complete their deposition. <u>See</u> defense counsel's letters to Harry Sher dated May 5, 2003; May 7, 2003; June 4, 2003; July 3, 2003; July 15, 2003; July 17, 2003; July 24, 2003; July 31, 2003; August 4, 2003; August 14, 2003 and September 2, 2003 facsimile, attached as Exhibit 6.

12.     In order to facilitate the process, defense counsel, drawing from Plaintiffs' 30(b)(6) notice, twice proposed appropriate 30(b)(6) topics and offered to produce a representative to testify on those topics. <u>See</u> July 17, 2003 and August 14, 2003 letters at Exhibit 6.

13.     All the while, defense counsel continued to offer dates in which Defendants' anticipated representative, Textron Lycoming's Vice President of Human Resources -- was available for deposition in the event Plaintiffs' counsel clarified the deposition topics. <u>See</u> Exhibit 6. At one point, Defendants' representative, despite his extremely busy schedule as the V.P. of Human Resources, offered to travel three hours to Philadelphia for his deposition. <u>See</u> July 17, 2003 at Exhibit 6.

14.     Contrary to Plaintiffs' counsel's claim that he "diligently pursued discovery in this case" and that he attempted to resolve the discovery dispute, Mr. Sher never once attempted to reformulate his 30(b)(6) notice or even contact defense counsel to work out deposition topics despite Defendants' efforts to get this deposition accomplished.  In fact, defense counsel initiated two conversations with Plaintiffs' counsel as late as August 2003 to discuss deposition topics but was rebuffed.  See Stumpf Declaration at Exhibit 2.

15.     Finally, on August 14, 2003, after the parties had agreed to their fourth discovery extension in order that Plaintiffs complete their deposition, defense counsel informed Mr. Sher by letter that they would wait for him to initiate discussions about their deposition of Defendants and reiterated Defendants' willingness to work with Mr. Sher.  However, Mr. Sher made no attempt to contact Defendants before the close of the discovery deadline.

16.     Moreover, Mr. Sher never contacted Defendants during the final 30-day extension period to request that the September 10, 2003 discovery deadline be extended for any reason. Nor did he timely seek this Court's assistance to compel Defendants to deposition.

17.     Despite Plaintiffs' suggestion to the contrary, Defendants have at no time communicated a willingness to allow Plaintiffs to take Defendants' deposition after their own summary judgment motion was due.  Obviously, this would greatly prejudice Defendants since Plaintiffs would then have the benefit of Defendants' summary judgment motion before they took Defendants' deposition.

18.     For several months, Mr. Sher has made vague reference to a family medical emergency but has never provided any specifics to defense counsel contrary to his suggestion otherwise.

19.    In short, Plaintiffs' motion is nothing more than a ploy to secure a strategic advantage in this case. If this were not so, Plaintiffs' counsel would have informed defense counsel of his intention to file this motion when Defendants contacted Mr. Sher on September 15, 18, 19 and 22. Plaintiffs' motion is too little, too late.

20.    During the last two weeks, defense counsel and their clients have spent considerable time preparing Defendants' summary judgment motion. Because Mr. Sher was acutely aware that Defendants were busy preparing their summary judgment motion and never raised the issue of taking Defendants' deposition despite numerous chances, he should be seen to have forfeited any right to open discovery at this late hour.

21.    Defendants request this Court to decide this motion today, September 29, 2003, before Defendants have to file their summary judgment motion on October 1, 2003. Otherwise, Plaintiffs will be served with Defendants' motion for summary judgment and will have the benefit of that document if the Court should later grant Plaintiffs' motion, which would obviously greatly prejudice Defendants in this case.

WHEREFORE, Defendants respectfully request that this Court not reward Plaintiffs' counsels' behavior and reject their motion to take Defendants' deposition after the close of discovery. Moreover, in the event that this Court grants Plaintiffs' motion, Defendants request the Court to limit the scope of Plaintiffs' deposition to his previous deposition notices and to permit Defendants time to move for a protective order regarding the scope and location of Plaintiffs' deposition. Finally, should the Court grant Plaintiffs' motion, Defendants also request that the Court allow Defendants 15 days to file their summary judgment motion upon completion of Plaintiffs' deposition.

Dated:  September 29, 2003                    Respectfully submitted,

Alison B. Marshall
Nicholas J. Sanservino, Jr.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
(202) 879-3939 (telephone)
(202) 626-1700 (telecopy)

- and -

John E. Iole
JONES DAY
One Mellon Bank Center
500 Grant Street, 31st Floor
Pittsburgh, PA 15219

Attorneys for Defendants Textron Inc., Textron
Lycoming and Avco Corporation

## CERTIFICATE OF SERVICE

I hereby certify that, on this 29th day of September, 2003, a true and correct copy of the

foregoing Opposition to Plaintiffs' Motion for Extension of Time in Which To Take the

Deposition of Defendants, and Defendants' Motion for the Court to Decide This Issue on an

Emergency Basis was served via facsimile and overnight mail upon:

Harry J. Sher, Esq.
1608 Walnut Street, 19th Floor
Philadelphia, Pennsylvania  19103
Telephone:  (215) 893-8725
Facsimile:  (215) 893-8719
Attorney for Plaintiffs

 

_____
Nicholas J. Sanservino, Jr.