**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANDREA BROOKER, and JERMALD D.    :
BROOKER,                              :
                 Plaintiffs,     :
                              :        CIVIL ACTION
       v.                      :
                              :        NO. 02-2651
                              :
                              :
TEXTRON, INC. and TEXTRON, INC.    :
d/b/a TEXTRON LYCOMING and      :
TEXTRON LYCOMING and AVCO      :
CORPORATION,              :
             Defendants.   :

## ORDER

Presently pending before the Court are Defendants Textron Inc., Textron Lycoming, and AVECO's  Motions for Summary Judgment (Docs. 37, 38, 43), Plaintiff's response thereto (Docs. 41, 42), and Defendants' reply brief (Doc. 44).  Counsel have been heard on oral argument.

**AND NOW**, this _____ day of June 2004, upon consideration of Defendants' Motions for Summary Judgment, Plaintiff's response thereto, Defendants' reply, and oral argument, **IT IS HEREBY ORDERED** as follows**:**

1.    Defendant Textron Inc.'s Motion for Summary Judgement is **GRANTED**[1] and judgment will hereafter be entered.

2    Defendants Textron Lycoming, and AVECO's Motion for Summary Judgment on Plaintiff's claim that, due to her race, she was not selected for the

---

[1] Plaintiff's counsel does not oppose said motion for summary judgement based on defendants assertions that Textron Inc., is a separate and distinct corporation from the other Defendants and has not been Plaintiff's employer.

FAA/Supervisor, and Planner/New Product Support positions is **GRANTED**[2]

3      Defendants Textron Lycoming, and AVECO's Motion for Summary Judgment on Plaintiff's claim that, due to her race, she was not selected for the FAA Administrative Specialist is **GRANTED**[3].

4      Defendants Textron Lycoming, and AVECO's Motion for Summary Judgment on Plaintiff's claim that, due to her race, she was not selected for the Buyer/Planner position is **DENIED.**[4]

5      Defendants Textron Lycoming, and AVECO's Motion for Summary Judgment on Plaintiff's Claim of Wage Discrimination is **DENIED**.[5]

6      Defendants Textron Lycoming, and AVECO's Motion for Summary Judgment on Plaintiff's Discrimination Claim in connection with her February 2001 and July 2001 terminations is **GRANTED**.[6]

7      Defendants Textron Lycoming, and AVECO's Motion for Summary Judgment on Plaintiff's Racial Harassment Claims is **GRANTED**.[7]

---

[2]Plaintiff did not responded to Defendants Motion for Summary Judgment on these claims.

[3]Plaintiff has established a prima facie case of discrimination for she had the minimal qualifications required for the position, however the record is devoid of evidence that Defendants' actions were a pretext for discrimination as Defendants have proffered legitimate, non-discriminatory reasons for hiring someone else. See McDonnell Douglas v. Green, 411 US 792 (1973).

[4]Plaintiff has provided evidence, including Defendant's alleged preference to hire from within, to create a disputed issue for the trier of facts. (See Brooker's Aff. ¶ 1).

[5]Genuine issues of material fact exists because the record shows that Plaintiff's salary was at the low end of the wage scale for her entire employment with Defendant.  (See Smith Dep. ¶ 25).

[6]The record is devoid of evidence to contest Defendants' defense that Plaintiff was terminated as part of Textron Lycoming's February 2001 reduction in workforce and that she volunteered to be part of this reduction.  In addition, in July 2001, Plaintiff was terminated for her two months absence from the company without an approved leave of absence.

[7]Plaintiff does not establish the *prima facie* elements of a racial harassment claim which include establishing *respondeat superior* liability on the part of Textron Lycoming.  The facts do not amount to discrimination so pervasive and regular that *respondeat superior* liability attaches. under Title VII for racial harassment.  See Cardenas v. Massey, 269 F.3d 251, 260 (3d Cir. 2001).

8       Defendants Textron Lycoming, and AVECO's Motion for Summary Judgment on
        Plaintiff's Retaliation Claims is **GRANTED.**[8]

9       Defendants Textron Lycoming, and AVECO's Motion for Summary Judgment on
        Plaintiff Jermal Brooker's Consortium Claims is **GRANTED.**[9]

                                        **BY THE COURT:**

                                        _____

                                        **CLIFFORD SCOTT GREEN, S.J.**

---

[8]A plaintiff cannot avoid summary judgment by resting on allegations in her pleadings but rather must present evidence from which a jury could reasonably find in her favor.  Anderson v. Liberty Lobby Inc., 477 US 242, 247, 106 S.Ct 2505, 91 L.Ed.2d 202 (1986).  Plaintiff has failed to provide any evidence to create a genuine dispute regarding the issue as she did not respond to Defendants Motion for Summary Judgment on this claim.

[9]Loss of consortium damages are not recoverable in employment discrimination actions. See, e.g., Murray v. Commercial Union Ins. Co. (Commercial), 782 F.2d 432, 438 (3d Cir. 1986).